HENRY J. MOORE, Respondent, vs. THE BANK OF COMMERCE, Appellant.

1. *Alienation of property—By-law of bank prohibiting—Restraint of trade.*— The right of alienation is an incident of property, and a by-law of a bank prohibiting the alienation of stock therein, or putting restrictions thereon, is void, as being in restraint of trade.

2. *Estoppel—Bank stock, loan on—Officer of bank, representations of.*—An officer of a bank informed a party applying to the bank, that he might safely loan money on a pledge of their stock, to the owner of it, taking the stock as pledge: *Held*, that the bank was, after the loan was made, estopped to forfeit the stock for alleged dues.

*Appeal from St. Louis Circuit Court.*

*A. M. Gardner*, for Appellant.

The corporation had the right under its charter to prescribe the mode and form of the transfer of its stock, and unless that mode and form were complied with, or offered to be complied with, the company could not be held liable for a refusal to transfer. (Marlborough Manufacturing Co. vs. Smith, 2 Conn., 578 ; Northrup vs. Newton & Bridgeport Turnpike Co., 3 Conn., 544 ; The Oxford Turnpike Co. vs. Bunnel, 6 Conn., 552 ; Sargent vs. Essex R. R. Co., 9 Pick., 204.)

There was no official act done, or record made, of the alleged transaction between plaintiff and McClellan, by which the corporation could be informed of its character, or by which they could be supposed to be bound for all future time.

*W. S. Pope*, for Respondent, cited : 20 Mo., 382 ; 48 Mo. 136 ; Mechanics' Bank vs. Merchants' Bank, 45 Mo., 513 ; Union Bank vs. Laird, 2 Wheaton 390; Bank of Utica vs. Smalley, 2 Cow. 770 ; Sargent vs. Franklin Ins. Co., 8 Pick. 90 ; Quiner vs. Marblehead, Soc. Insurance Co., 10 Mass., 476 ; Angel & Ames on Corporations, §§ 567 and note 1, 569 ; Tuttle vs. Walton, 1 Kelley, (Ga.) 43 ; Nesmith vs. Bank of Washington, 6 Pick., 327 ; Bank of Attica vs. Manufacturers and Traders' Bank, 20 N. Y., 501 ; 2 Kent, Com., 11 Ed. 358 n. d.; 5 Barr, (Penn.) 345 ; 20 Wendell, 91 ; 11 Barb (N. Y.) 580 ; 10 Peters., 596, 612; 3 Howard, 483 ; 2 Kent Com., 634 ; 3 Bos. & Pull. 496 ; Bates vs. N. Y. Insurance Co., 3 John. Cases, 238.

Plaintiff took the stock in pledge on the recommendation of defendant.

ADAMS, Judge, delivered the opinion of the court.

The defendant is a corporation created by an act of the Missouri Legislature of the 14th of February, 1857, under the corporate name of "The St. Louis Building and Savings' Association," and by a subsequent act of the Legislature its name was changed to "The Bank of Commerce."

In December 1860, Josiah G. McClellan was the owner of six shares of the stock of this Company, and applied to the plaintiff for a loan of $700, and proposed to pledge this stock as security for the loan. The plaintiff before he would make the loan called upon the defendant to ascertain how this stock stood, and whether it was incumbered, and whether he might safely loan his money on the stock.

The officer in charge of the bank assured him that the stock was free from incumbrance, and that he might safely take it as security for the contemplated loan. Acting on this assurance the plaintiff loaned McClellan $700, and took his note at four months, and took a transfer of the stock to a trustee to secure the loan, with power to sell the stock for payment of the debt, and afterwards extended the time four months longer on the note, still holding the stock as security for the payment of the note. McClellan failed to pay his note at maturity, and the trustee under the power of sale sold the stock, and the plaintiff bought it at $600, and entered a credit for the amount of sale on the note. The plaintiff offered to pay all assessments on the stock, and after his purchase applied to the defendant to have the stock issued in his name, or transferred on the books of the Company to him. The defendant refused to comply with the plaintiff's demand on the alleged ground that the stock was held, at the time he took it, for debts due from McClellan, and had been forfeited therefor under the by-laws of the Company. The plaintiff thereupon brought this suit for damages, alleging his ownership as aforesaid of the stock, and the wrongful conversion of same by the defendant,

and claimed damages for the value of the stock at the time of the alleged conversion.

The defendant's charter authorized the transfer of stock in such manner as the Company might prescribe by its by-laws. The Company had made a by-law to the effect that the stock was personal property, and could only be transferred on the books of the Company.

The points raised and discussed here are chiefly, whether the transfer to the plaintiff under the trust sale passed any right or title to the stock in question, and whether, under the facts of the case, the Company had the power to forfeit the stock for assessments or debts due from McClellan.

1. The right of alienation is an incident of property, and a by-law prohibiting this right or imposing any restrictions on its exercise would be in restraint of trade and against public policy and therefor void. Whether the Legislature could authorize such restraint, is not involved in this record, and need not be passed on. The Company had the power, as a cumulative mode of transfer, to have it placed upon the books of the Company. But whether so entered or not, the title to the stock as between the former owner and the purchaser would pass by a sale or transfer by him or under his authority. (See the St. Louis Perpetual Insurance Company vs. Goodfellow, 9 Mo., 149 ; The Chouteau Spring Company vs. Harris, 20 Mo., 382.)

2. The facts of this case regarding the pledge of the stock to plaintiff, constitute an estoppel *in pais* against the defendant's right to forfeit the stock for unpaid dues from McClellan. The officer in charge of the Company's business assured the plaintiff, that the stock was unincumbered, and that he might with safety take it in pledge to secure a loan of his money to McClellan ; upon the faith of this assurance the plaintiff acted and made the loan. After thus inducing the plaintiff to part with his money, it would be a fraud on him to suffer the defendant to forfeit the stock for alleged dues. Whether the admission thus made by the agent of the Company was true or false, is not open for inquiry ; as the plaintiff acted on it in

good faith, it must stand as an estoppel, which determines the rights of these parties." · (See Taylor & Mason vs. Zepp, 14 Mo., 482.)

The court in this case refused all the instructions asked by both parties, and assumed to declare on its own motion the whole law as applicable to the case.

The instructions as given by the court seem to have presented the case fairly, and in my judgment very favorably for the defendant on all the points made by the evidence.

On the whole record the judgment appears to be for the right party.

Judgment affirmed. Judge Sherwood absent, and the other Judges concur.