CHARLES C. CARROLL, Appellant, *v.* MULLANPHY SAVINGS BANK, Respondent.

January 27, 1880.

1. Though the stock of a corporation may be transferable only on its books, yet the delivery of the certificate to the purchaser, with a power of attorney signed by the vendor, passes the entire title, legal and equitable, as between the parties; and in the absence of any requirement in the charter or by-laws restricting the transfer, the company must make the transfer on its books or it will be liable to the purchaser.

2. There is no presumption in favor of the right of a corporation to refuse to

transfer on its books stock of the company which the shareholder has sold to a *bona fide* purchaser; the certificate represents the property, and any secret lien existing upon the property must be shown.

3. A mere rule of the corporation cannot affect the rights of purchasers or pledgees of its stock; restrictions upon the transfer of such stock must have their source in legislative enactment; the corporation itself cannot create these impediments.

4. The power to make by-laws resides in the corporation itself, and the board of directors thereof have no power to make by-laws without special authority.

5. Though a pledgee cannot purchase the pledge so as to acquire an absolute title without the consent of the pledgeor, yet such assent may be presumed where the facts are notorious and no dissent is shown.

APPEAL from the St. Louis Circuit Court.

*Reversed and remanded.*

GIVEN CAMPBELL, for the appellant: The board of directors have no right to create a lien upon its corporate stock by a mere by-law, unless the power is expressly granted by the statute or its articles of association. — *Byron* v. *Carton,* 22 La. An. 98; *Bank* v. *Bank,* 20 N. Y. 501; *Arnold* v. *Bank,* 27 Barb. 424; *Rosenback* v. *Bank,* 53 Barb. 495; *Conklin* v. *Bank,* 53 Barb. 512; *Steamship Dock Co.* v. *Heron,* 52 Pa. St. 280; Ang. & Ames on Corp., sect. 355; 2 Sawyer, 108; *Bank* v. *Bullard,* 18 Wall. 590, 591. The assignment of the stock, though not entered on the books of the corporation, was valid as between the parties, and passed all the right of the party making it. — *Insurance Co.* v. *Goodfellow,* 9 Mo. 149; *Chouteau* v. *Harris,* 20 Mo. 390; *Moore* v. *Bank,* 52 Mo. 379; *Boatmen's Co.* v. *Able,* 48 Mo. 139. A contract for the sale of stock becomes executed by a delivery of the certificate, with a power of attorney accompanying it to make transfer. (In this case there was a written pledge also.) — Ang. & Ames on Corp., sect. 564; *Howe* v. *Starkweather,* 17 Mass. 243; *Sargent* v. *Insurance Co.,* 8 Pick. 98; *Munn* v. *Barnum,* 24 Barb. 283; *Noyes* v. *Spaulding,* 27 Vt. 420; *Bank* v. *Cartwright,* 22 Wend. 348; *Fatman* v. *Lobach,* 1 Duer, 354; *Chambersburg* v. *Smith,* 11 Pa. St. 120; *Railroad*

*Co.* v. *Schuyler*, 34 N. Y. 80; *Conant* v. *Bank*, 1 Ohio St. 298.

FINKELNBURG & RASSIUER, for the respondent: The bank had a right to create, by by-law, a lien upon its stock to secure the payment of debts. — *Bank* v. *Bank*, 45 Mo. 513; *Insurance Co.* v. *Goodfellow*, 9 Mo. 149; *Spurlock* v. *Railroad Co.*, 61 Mo. 326. The pledge of the stock certificate, without transfer on the books of the corporation, was good as an assignment of all the rights of the pledgeor.

HAYDEN, J., delivered the opinion of the court.

This is an action to recover damages sustained, as the plaintiff alleges, through the failure of the defendant to allow the transfer on its books of ten shares of its capital stock, which belonged originally to one Schulenburg. Schulenburg, being indebted to the firm of Carroll & Powell, on the 13th of October, 1877, pledged the certificate of these shares to secure payment of a promissory note made by him and delivered to Carroll & Powell, to whom he also delivered a power of attorney authorizing them to transfer the stock on the books of the bank. A written pledge authorized the pledgees to sell the shares by public or private sale in the case of non-payment of the note at maturity. Default having been made, the pledgees sold the stock by public auction, on the 15th of January, 1878, when the plaintiff bought it. Schulenburg was, when the pledge was made, largely in debt, on a general indebtedness, to the bank, and in default, and the bank — relying on a by-law, of the usual purport, forbidding a transfer by a stock-holder in debt to the bank, and making all indebtedness a lien on the debtor's stock until paid — refused to allow the stock to be transferred on its books, though a demand to that effect was duly made by the plaintiff. The defendant had no notice as to the pledge until after it was made. On the 17th of October, 1877, the defendant obtained a judgment

on its claim against Schulenburg, and on the 28th of December, 1877, by direction of the defendant, the sheriff levied on the same stock, as the property of Schulenburg, and advertised and sold it, the defendant's cashier purchasing, to whom it was transferred on the books of the defendant. The court. below found for the defendant.

Though the stock of a corporation may be transferable only on its books, yet the delivery of the certificate to the purchaser, with the power of attorney, signed by the vendor, passes the entire title, legal and equitable, as between the parties. *Johnson* v. *Underhill*, 52 N. Y. 203; *McNeil* v. *Bank*, 46 N. Y. 325. In the absence of any requirements in the charter or by-laws restricting the transfer, the company must make the transfer on its books or it will be liable to the purchaser. There is no presumption in favor of the right of a corporation to refuse to transfer on its books stock of the company which the shareholder has sold to a *bona fide* purchaser. The certificate represents the property, and if any secret lien upon the property exists, such lien must be shown. The burden is on him who asserts the peculiar privilege to prove it, as restrictions on the free transfer of personal property are not favored, especially as against an innocent purchaser who has paid for the certificate.

At common law, and independently of positive provisions of the Legislature granting or authorizing the exercise of the power, a corporation cannot prohibit the transfer of its shares on account of the indebtedness of the shareholder to the corporation. Where the stock is personal property, restrictions upon its transfer must have their source in legislative action, and the corporation itself cannot create these impediments. *Chouteau Spring Co*. v. *Harris*, 20 Mo. 387; *Moore* v. *Bank*, 52 Mo. 379; *Bank of Attica* v. *Manufacturers' Bank*, 20 N. Y. 505; *Rosenback* v. *Bank*, 53 Barb. 495; *Steamship Dock Co*. v. *Heron*, 52 Pa. St. 280; *Sargent* v. *Insurance Co*., 8 Pick. 90. See *Bullard* v.

*Bank*, 18 Wall. 598. Here it is claimed that the corporation had power to restrict the transfer, under the clause in the general law giving to corporations the right to make by-laws for the transfer of their stock. Wag. Stats. 289, sect. 1. But it was not shown that the corporation passed this alleged by-law. Objection was made to its introduction, on the ground that it was not proved to be a by-law of the corporation; and this objection, we think, was well taken. The defendant was incorporated under the general laws of this State, and its certificate or articles of incorporation were not produced. By its record-book it appeared that the alleged by-law was adopted by the directors at a meeting of their board. This was considered a by-law by the officers, but no authority was shown in the directors to adopt it. The laws of this State (except in special instances, which tend to show the general rule, Wag. Stats. 289, sect. 3) give no power to the directors to enact by-laws, and without such special authority the power resides in the corporation; that is, in the members, not in the board of directors. *Rex* v. *Westwood*, 2 Dow & C. 21; *Morton, etc., Co.* v. *Wysong*, 51 Ind. 4; *Union Bank* v. *Ridgely*, 1 Har. & G. 324; Grant on Corp. 77. It is further provided by Wagner's Statutes, p. 330, sect. 4, that a copy of the by-laws of companies like the present shall be filed with the secretary of state.

The defendant relies on *Mechanics' Bank* v. *Merchants' Bank*, 45 Mo. 513, and *St. Louis Insurance Company* v. *Goodfellow*, 9 Mo. 149. In the former case the charter of the bank gave express power to the directors to make by-laws for the transfer of its shares of stock, and in the latter case the company's charter provided that its stock should be transferable according to such restrictions as the board of directors should establish, subject to the laws of the State. In both cases it was held that the words of the charter were sufficient to empower the board of directors of the corporation to pass such by-laws. In *Spurlock* v.

*Pacific Railroad*, 61 Mo. 326, though the power given was general, and such as, under some decisions, would not have authorized the making of a by-law in restraint of commerce, yet it was from the Legislature that the directors received authority to make needful by-laws.

In the case at bar, the pledgees had no notice of the alleged by-law, and the certificate contained no allusion to the preference now claimed for the bank. But it is not necessary to insist on these facts; it is sufficient that the defendant failed to show that the by-law was founded in any legal authority. A mere rule of the bank could not affect the rights of third persons to whom certificates were sold or pledged, for value, in the regular course of business.

The second question is as to the rights of the plaintiff as purchaser. It is clear that, as he was one of the pledgees, the sale was ineffectual to pass the absolute title in the stock to him. *Middlesex Bank* v. *Minot*, 4 Metc. 325; *Baltimore Ins. Co.* v. *Dalrymple*, 25 Md. 269; *Bank* v. *Railroad Co.*, 8 Iowa, 277; *Stokes* v. *Frazier*, 72 Ill. 428. That one, not both partners, purchased, makes no difference. The objection to a pledgee's purchase is not the quantity of his interest, but the fact that such purchase implies a conflict of duty and interest, and creates temptation. This conflict exists alike whether one pledgee purchases, or both. This objection, however, does not appear to have been raised below; and if it was raised, it would not necessarily have deprived the plaintiff of his right to recover on the facts. Though the title of the plaintiff did not become absolute except in case of the assent of the pledgeor, yet as between the present parties that assent may fairly be presumed. There is no evidence of any dissent; and surely, with the publicity that has attended the various proceedings in regard to these shares, the pledgeor would have signified his dissent, it may fairly be inferred, if he had dissented. The facts were such as to throw the burden

of proof upon the defendant to show a disaffirmance. But, as stated, this point does not appear to have been raised below ; and the case evidently went off upon the first point, for error in regard to which the judgment of the court below must be reversed, and the cause remanded for a new trial. Judge BAKEWELL concurs ; Judge LEWIS is absent.