James O'Brien, Plaintiff in Error, v. John K. Cummings, Defendant in Error.

### January 16, 1883.

1. Corporations — Alienation of Stock. — The right of alienation is an inseparable incident to the ownership of stock.
2. —— By-Laws. — A sale and delivery of stock passes title, though not made in conformity with the corporation by-laws.
3. —— Charter Provisions. — A provision in articles of incorporation which is not responsive to any provision of the statute relating to corporations, has not the effect of a charter provision imposed by statute.
4. —— Transfer of Stock. — A provision in articles of incorporation that no stockholder shall hold more than one hundred shares does not invalidate a transfer of stock, made in good faith, to one who already holds one hundred shares.

Error to the St. Louis Circuit Court, Thayer, J. *Affirmed.*

Martin T. Dickson, for the plaintiff in error.

M. McKeag, for the defendant in error.

Lewis, P. J., delivered the opinion of the court.

The Butchers and Drovers' Bank was incorporated under the general corporation law, on May 14, 1867. Its articles of association, filed with the secretary of state, contained the following : —

"Article third. The capital stock of said association or savings bank shall be five hundred thousand dollars, divided into shares of one hundred dollars each, * * * but no person shall subscribe, own, or hold more than ten thousand dollars' worth of said stock, estimating the same at the par value of each share. * * *

" Article fourth. No assignment or transfer of any of the stock in said corporation shall be made, except on the books of said corporation." * * *

It appears from the record that, in the year 1876, the defendant bargained with B. M. Chambers for the sale to him

of one hundred shares of the stock, and, on July 10, 1877, this agreement was consummated by a transfer from the defendant to Chambers, duly entered in the stock transfer book of the bank. At that time, Chambers already owned more than one hundred shares, and so also did the defendant. It appears that the defendant did not in fact know of the restriction in the articles of association, on this point, although he had ample opportunity for such knowledge, having been previously a member of the board of directors. At the time of the transfer, the bank was indebted to the defendant, as a depositor, in about $12,000, and, as he testified, he did not know that the bank was insolvent. The bank failed and closed its doors, on July 12, 1877. On June 9, 1881, the plaintiff obtained a judgment against the corporation for $200.35, and, finding no assets upon which an execution could be levied, has instituted this suit under the statute, claiming that, by reason of this restriction in the articles of association, the defendant's attempted transfer was void, and he is still owner of the one hundred shares, and therefore liable for satisfaction of the plaintiff's judgment. The only question brought before us by this appeal is, whether the defendant is so liable as a stockholder, by reason of the invalidity of his alleged transfer to Chambers? The circuit court gave judgment for the defendant.

An important distinction to be observed is that between corporate regulations which emanate from the sovereign authority of the state, as in a legislative charter, and those which are originally framed by the corporation itself, in the shape of by-laws, or otherwise. As to the first, they are part of the law of the land, and strangers are bound by them, equally with the corporation and its members. The second class are usually considered as governing the corpora tion only, in the internal management of its affairs. Thus, if a stranger acquire a right which is upheld by the general law, but is in conflict with such a private regulation or by-law, his legal right will prevail. On this basis it is uni-

formly held that, as shares of stock are personal property, the right of alienation is an inseparable incident, as between the parties to a transfer; and, unless the paramount law imposes some inconsistent restriction, a transfer will be effectual, as between a stockholder and his assignee, even though not made in conformity with a by-law which requires it to be entered on the books of the company. *Perpetual Ins. Co.* v. *Goodfellow*, 9 Mo. 149. Even where a charter provides that the stock shall be only transferable on the books of the company, the better opinion, sustained by numerous authorities, seems to be, that this is merely for the security of the corporation, and does not prevent the title from passing, as between vendor and vendee. *Duke* v. *Cahawba Nav. Co.*, 10 Ala. 82. This, however, results from interpretation, rather of the legislative intention, than of the extent of the legislative power. It is not doubted that the legislature may, in granting a charter, impose such conditions upon the transfer of stock, as will render it inalienable without a compliance with the conditions. Where the charter empowers a corporation, in general terms, to adopt by-laws regulating the transfer of its stock, this is held to authorize reasonable regulations only, and not such as will prohibit the right of alienation, or will operate in restraint of trade, by means of improper restrictions. *Moore* v. *Bank of Commerce*, 52 Mo. 377. The general principles thus indicated apply to all conditions which may be annexed to the alienation of shares in a stock corporation, as well as to those which refer to entries on the books of the company. It results that, if the condition to effectuate a transfer be exacted in direct terms by the legislative charter, so as to imply no transfer unless the condition be conformed to, then, even between the vendor and vendee, there will be no change of property, without such conformity. But if the form, method, or circumstances of a transfer be stipulated for only by a by-law or rule adopted by the corporation, whether under a general

charter authority to that effect, or otherwise, a complete and valid transfer, as between vendor and vendee, may be effected by any of the methods which will suffice, under the general law, for the transmission of ownership in personal property. The corporation may yet be under no obligation to recognize the change of property, by paying dividends to the new owner, or by permitting him to vote, unless in a case where the vendor and vendee have done all in their power to conform to the regulation, but the corporation has unreasonably refused to perform some requisite on its part. *Chouteau Spring Co.* v. *Harris*, 20 Mo. 382.

This brings us to the vital question in the present case, whether the rule limiting every stockholder to an ownership of one hundred shares is to be considered as having the force of a charter requirement, or only that of a corporation by-law. We cannot say that there is no charter in the case. For without a charter, in the generic sense, there can be no such thing as a corporation. The general statute (Rev. Stats., chap. 21), when aroused into specific operation by a compliance with its terms on the part of an association of persons and capital, unites itself with the terms and details of such a compliance; the law and the articles of association become, as it were, the compact between the state and the association, and this constitutes the charter of the body politic. Thus, when the law requires that the articles to be filed with the proper officer shall set forth the amount of the capital stock, and the capital stock is thus set forth at fifty thousand dollars, these concurrent declarations are the equivalent of a charter provision that the new corporation shall be entitled to hold and operate a capital stock amounting to the sum specified. But no provision in the articles, which is not responsive to some specification in the law, can have any such force or effect. Such a provision, not called for by the law, will be a mere voluntary proposal from the association. It will be lacking in the essential elements of a compact, will derive no operative energy from the statute,

and can have no claim to the dignity or effectiveness of a charter regulation.

Section 902, Revised Statutes, prescribes the particulars which must be contained in the articles to be filed for the incorporation of a banking institution, and the succeeding sections define other duties to be performed, preliminary to the granting of the certificate. We need not copy these at length. It suffices to say that the sections contain no intimation of any statement to appear, in the articles or elsewhere, touching the number of shares which may be held by an individual stockholder, or concerning any limitation upon the right of transfer from or to a stockholder. It does not, therefore, seem possible to hold the limitation of one hundred shares to each stockholder, which appears in the articles filed by the Butchers and Drovers' Bank, as having the force or effect of a charter provision. By section 706, Revised Statutes, every corporation is empowered " to make by-laws for the management of its property, the regulation of its affairs, and for the transfer of its stock." The effect of such a privilege, as a charter power, has already been considered.

The assignment of stock, then, by the defendant to Chambers, was valid and effectual between those parties. We know of no principle upon which such a transfer is not good as to all the world, unless it can be shown to destroy or imperil the rights of some third party. How did it in this case interfere with any right of the plaintiff? His judgment against the bank was not obtained until four years after the transfer. The record does not show that he was a creditor of any sort, when the transfer was made. It does not appear that there was any purpose to defraud creditors of the corporation, or to evade any responsibility of either party as a stockholder, or that there was any knowledge that the bank was insolvent, or about to become so. The vendor was a creditor of the bank to an amount larger than the par value of the stock sold. The vendee was solvent, or be-

lieved so to be.   The capital stock, it is said, was a trust fund for the benefit of creditors.   But a transfer of shares, under such circumstances as are shown in this record, from one holder to another, neither sacrifices nor impairs the trust fund.   That the vendee has since become insolvent can have no possible effect on the validity of the transaction, as tested by its cotemporaneous surroundings.   We think that the judgment was for the right party, and must therefore be affirmed.   All the judges concur.