STATE SAVINGS ASSOCIATION, Appellant, v. NIXON-JONES PRINTING COMPANY, Respondent.

**St. Louis Court of Appeals, May 3, 1887.**

1. CORPORATIONS—POWERS OF—BY-LAWS.—The power to enact by-laws does not reside in the board of directors, but in the aggregate body of the stockholders.

2. ——— A by-law, adopted at a meeting composed of all the stockholders, can not be avoided, because the meeting is a meeting, and is so designated on the records, of the board of directors.

3.    ———— TRANSFER OF STOCK—PLEDGEE—NOTICE.—The pledgee of a certificate of stock, which has printed thereon a by-law which provides that no transfer of the stock shall be made while the owner is indebted to the corporation, takes it with notice, and does not occupy the position of an innocent purchaser.

4.    ———— NOTICE—AGENCY.—Notice, which comes to an officer of a corporation through his private transactions, and beyond the range of his official duties, is not notice to the corporation.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

H. D. WOOD, for the appellant: The laws of this state (except in special instances which tend to show the general rule)—Revised Statutes, section 709—give no power to the directors to enact by-laws, and, without special authority, the power resides in the corporation—that is, in the members, not in the board of directors. *Carroll v. Bank*, 8 Mo. App. 253 ; Taylor on Corp., par. 582 ; *Morton Gravel Road Co. v. Wysoney*, 51 Ind. 4. Shares of stock are personal property ; the right of alienation is an inseparable incident, as between the parties to a transfer, and there is no implied power in a corporation to pass a by-law which creates a lien upon its shares, or in any way interferes with their transferability. *Carroll v. Bank*, 8 Mo. App. 249 ; *O'Brien v. Cummings*, 13 Mo. App. 199 ; *Moore v. Bank*, 52 Mo. 377 ; *Mobile Ins. Co. v. Cullom*, 49 Ala. 558 ; *Driscoll v. Railroad*, 59 N. Y. 96 ; *Bullard v. Bank*, 18 Wall. 589 ; *Railroad v. Allerton*, 18 Wall. 233. The defendant had notice of the pledge of the stock to the plaintiff, and was bound to respect the plaintiff's equity, and could not, by giving F. H. Thomas & Company credit, after such notice, create a lien at the plaintiff's expense. Morawetz on Corp. [1 Ed.] par. 327 ; Jones on Pledges, par. 223 ; *Bank of America v. McNeil*, 10 Bush, 54 ; *Conant v. Reed*, 1 Ohio St. 298 ; *Nesmith v. Bank*, 6 Pick. 324. The knowledge of F. O. Wellman, who was

the president of the defendant at the time he pledged the stock for account of F. H. Thomas & Company, was the knowledge of the defendant. *City of Columbus v. Phillips*, 22 Mo. 86; *Bank v. Levin*, 6 Mo. App. 543; *Bank v. Thomas*, 2 Mo. App. 367–369; *Hart v. Bank*, 33 Vt. 252; Wade on Notice, par. 682, 683*b*, 688; *Company v. Belsworth*, 30 Conn. 380; *The Distilled Spirits*, 11 Wall. 356; *Rhodes v. Outcalt*, 48 Mo. 370. Third persons are not bound to notice by-laws of a corporation. Angell & Ames on Corp., par. 359; *Ten Broek v. Boiler Compound Co.*, 20 Mo. App. 19. Wellman (by virtue of his office as president), was held out by the defendant to the public, as intrusted with the management of its affairs. *Minor v. Bank*, 1 Peters, 46–70. The declaration of F. O. Wellman, at the time he pledged the stock, on April 20, 1882, that it was free, was a waiver, on the part of the defendant corporation, of all right to claim a lien upon said stock, and the court erred in refusing to give the plaintiff's instruction, to the effect that such facts constituted a waiver. *Moore v. Bank*, 52 Mo. 378; Morawetz on Corp. [2 Ed.] par. 207. And the fact that the admission was made in a private business transaction is immaterial. *Bank v. Hunt*, 76 Mo. 439; *Bank v. Bank*, 105 U. S. 217. The indorsement in blank, and delivery, by F. H. Thomas & Company, of the stock certificate, passed their title to the stock to the plaintiff. *Bank v. Richards*, 6 Mo. App. 461; 74 Mo. 77; Morawetz on Corp. (1 Ed.) par. 328; *O'Brien v. Cummings*, 13 Mo. App. 197. When a corporation wrongfully refuses to transfer stock, the assignee of the stock may treat such refusal as a conversion of the stock, and he is entitled to recover the full value of the stock at the time of such refusal. The rule of damages is the same, whether he holds the stock as owner or pledgee. Morawetz on Corp. (1 Ed.) par. 338; Jones on Pledges, par. 433; *Carroll v. Bank*, 8 Mo. App. 249–254; *Moore v. Bank*, 52 Mo. 379; *Bank v. Richards*,

6 Mo. App. 464; *Insurance Co. v. Goodfellow*, 9 Mo. 155; *The State v. Rombauer*, 46 Mo. 155.

HITCHCOCK, MADILL & FINKELNBURG, for the respondent: A corporation has the right to make regulations concerning transfers of stock and to retain a lien thereon for their own protection. *Perpetual Insurance Co. v. Goodfellow*, 9 Mo. 49; *Bank v. Bank*, 45 Mo. 513; *Spurlock v. Railroad*, 61 Mo. 320; *Kahn v. Bank*, 70 Mo. 262; *Goddard v. Merchants' Exchange*, 9 Mo. App. 290; s. c., 78 Mo. 609. The by-laws of the defendant corporation, adopted at the meeting of April 18, 1882, were legally in force at the time of the transactions here in controversy. *People v. Sterling Co.*, 82 Ill. 457. The mere fact that a member of the firm of Thomas & Company held the position of president of the defendant corporation, does not charge the defendant with constructive notice of business transactions between the plaintiff and said firm. The question was one of fact, whether the defendant had actual notice or knowledge. *Innerarity v. Bank*, 139 Mass. 332; *Bank v. Schaumberg*, 38 Mo. 228; Taylor on Corporations, 210; Story's Agency, 140; *Barnes v. Trenton Gas Light Co.*, 27 N. J. Eq. 33; *Peckham v. Hemdren*, 76 Ind. 47; *Wickersham v. Zinc Co.*, 18 Kan. 481; *Bank v. Savey*, 82 N. Y. 291, 307; *Bank v. Chase*, 72 Maine, 226; *Bank v. Christopher*, 40 N. J. Law, 436; *Bank v. Cunningham*, 24 Pick. 270, 276; *Bank v. Tinsley*, 11 Mo. App. 501. For the purpose of this case, and to determine the plaintiff's right of lien as against this defendant, the note and collateral agreement of October 1, 1884, must be taken as the basis of the plaintiff's claim. All prior obligations of a similar nature, executed by Thomas & Company, were discharged and surrendered. Even a renewal of a note is a discharge of a prior one. *Letcher v. Bank*, 1 Dana (Ky.) 82; *Slaymaker v. Gundaker*, 10 Serg. & R. 75; *Bank v. Croft*, 3 McCord (S. C.) 522;

*Neff v. Clute,* 12 Barb. (N. Y.) 466 ; *Cornwall v. Gould,* 4 Pick. 444.

LEWIS, P. J., delivered the opinion of the court.

On April 20, 1882, F. H. Thomas & Company, a publishing firm, composed of F. H. Thomas and F. O. Wellman, borrowed from the plaintiff, twenty-five hundred dollars, giving their note, at six months, and delivering in pledge, to secure its payment, a certificate of twenty-five shares of stock in the defendant corporation, at the par value of twenty-five hundred dollars. The note was renewed at maturity, and the renewal was repeated from time to time, until December, 1884, when the debtor firm became insolvent. In March, 1885, the plaintiff demanded of the defendant, a transfer of the stock on the corporation books, in consummation of the intended pledge. This was refused by the defendant, on the ground that it held a lien on the stock for indebtedness due from the former stockholders. For this refusal, the plaintiff here claims damages in the amount of the par value of the stock. The court below gave judgment for the defendant.

When the stock was pledged · to the plaintiff, Thomas & Company were not indebted to the defendant, but became so soon thereafter, and kept up a running and varying indebtedness until their insolvency, when they owed the defendant about thirty-six hundred dollars. The original loan was procured from the plaintiff, by Wellman, one of the borrowing partners, who was, at the same time, president of the defendant corporation. He then informed the plaintiff that the stock was free, unincumbered, and fully worth its par value. Outside of this connection of its president with the transaction, the defendant corporation had no notice of any pledge or transfer of Thomas & Company's stock, until December, 1884.

The certificate, pledged by Thomas & Company, was issued in their name, and was in customary· form, con-

taining a condition, that the stock should be "transferable only on the books of the company, in person or by attorney, on the surrender of this certificate." Across the face of the certificate were printed these words: "A clause of article 6, of the by-laws of this company, provides that 'no transfer of stock shall be made, so long as the owner thereof is indebted to this corporation.'" On the back was a power of attorney for transfer, on the books of the company, signed by Thomas & Company, with blanks left for the date, the name of the transferee, the number of shares, and the name of the attorney. All the blanks, except those for the date and the name of the attorney, were filled in March, 1885, when the demand for transfer was made by the plaintiff.

The plaintiff contends that the alleged by-law mentioned on the face of the certificate, was a nullity for every purpose, because it was adopted only by the board of directors, who had no charter power to make a by-law. The history of its adoption is as follows: The articles of association, dated April 12, 1882, named six persons, whose signatures were appended, as being all the stockholders of the corporation, and provided that : " There shall be a board of directors which shall consist of six stockholders, and the six persons, named in the preceding article, shall constitute the board for the first year. *. * * The board may make, amend, and enforce all such by-laws and regulations relating to the management and business of the corporation, and its government, as they may deem necessary; the same to be subject to repeal or modification by the stockholders, at any regular meeting." On April 18, 1882, the first meeting of the board was held, all of the six stockholders and directors being present. A code of by-laws was there adopted by a separate vote upon each article, of which the sixth was as follows: " Certificates of stock shall be signed by the president and the secretary. All transfers of stock must be made upon the books of

the company ; and no transfer of stock shall be made as long as the owner thereof is indebted to this corporation." A resolution was, also, adopted, directing that the last clause of this article be printed in red ink across the face of every stock certificate.

It was held by this court in *Carroll v. Bank* ( 8 Mo. App. 249 ), that, except for certain specific purposes, not pertinent to the present inquiry, our statute concerning corporations gives no authority to a board of directors to enact by-laws, but confers that power exclusively on the corporation itself, *i. e.*, the stockholders. It was further held in *O'Brien v. Cummings* ( 13 Mo. App. 197 ), that a charter right can not be created by a provision in the articles of association, unless such provision be responsive to such permission or direction contained in the statute. It may be fairly inferable from these decisions, that the by-law under consideration derives no force from a specific charter authority. But is it, therefore, of no binding obligation on the parties to this proceeding ? The answer to this question is independent of the title "by-law," or of any other name that may be given to the regulation. We must here observe the distinction referred to in *O'Brien v. Cummings (supra)*, between regulations which emanate from the sovereign authority, through the charter, or otherwise, and which are binding on all the world, and those which originate within the corporation, and may be binding only on its members and their privies. In this instance, the signers öf the articles of association were acting, not merely as members, but as *all* the members of the corporation. They unanimously agreed by this writing that a code of regulations for the management of the corporation, to be framed by the board of directors, and to be known as by-laws, should be of binding obligation upon them, and each of them. The agreement thus deliberately entered into was afterwards solemnly ratified by the same persons, in their adoption of the code at their first meeting. One of the signers was F. O. Wellman, who, according

to his own testimony, represented his firm of F. H. Thomas & Company, which firm was the real owner of the twenty-five shares noted with his signature, and received the certificate therefor. It will hardly be questioned that the regulation in dispute was binding on F. H. Thomas & Company. It is true (having reference to the pledge made by them) that a transfer of stock may be absolute, as between the parties, even though the company's rules in relation to transfers have been wholly ignored. *O'Brien v. Cummings*, 13 Mo. App. 197. But if the transferer has bound himself to a valid restriction upon the alienation, whereof the transferee has due notice, the latter can acquire no greater right in that regard than was vested in the transferer. The plaintiff in this case took the certificate with notice on its face of the restriction which bound its assignor, and thus became equally subject to its terms. In *Carroll v. Bank* (8 Mo. App. 249), we held that a restriction of the same nature was not available against the transferees, who, in that case, also, were pledgees. But it there clearly appeared that the pledgees "had no notice of the alleged by-law," and came within the rule of protection to "an innocent purchaser who has paid for the certificate." The restrictive regulation did not emanate from the sovereign authority, and the pledgees, as strangers to it, were not subject to its terms.

The same reasoning and results apply to the regulation making the stock transferable only on the books of the company. That rule was embodied in the terms of the certificate itself. The plaintiff took with notice that, however complete might be the transfer, as between the parties thereto, the corporation would not be bound to recognize a change of ownership, until this appeared by entry on its own books. Thomas & Company were not indebted to the defendant when the transfer was consummated as between them and the plaintiff. But they were indebted to an amount exceeding the value of the stock, long before any attempt was made to effect a

transfer which would bind the corporation. As to the defendant and its rights, the stock still belonged to Thomas & Company, so long as they remained its debtors. It was in evidence that the defendant continuously extended credits to the firm, always relying on the security lodged in the debtor's ownership of the twenty-five shares, up to the date of their insolvency.

It is contended for the plaintiff, that the defendant was bound by the pledge and transfer, because Wellman, who effected the transaction, was the defendant's president, and his knowledge was the knowledge of the corporation. If the corporation had this knowledge, it is not clear how its rights could have been affected thereby, since, as to them, there was in fact no pledge or transfer, for want of an entry on the books. But the law is settled that knowledge which comes to a corporation officer through his own private transactions, and beyond the range of his official duties, is not the knowledge of the corporation, and attaches to the latter no responsibility by way of notice. *Bank v. Schaumburg*, 38 Mo. 228. The rule is literally applicable to the present case.

We find in the record, no error prejudicial to the plaintiff's rights, and so affirm the judgment. Rombauer, J., concurs; Thompson, J., not sitting.