MORRISON–WENTWORTH BANK, Respondent, v. WILLIAM F. KERDOLFF et al., Appellants.

Kansas City Court of Appeals, May 2, 1898.

Corporations: BY-LAW: CREATING LIEN ON STOCK: CONTRACT: TRANS-FEREE. Where in pursuance of a by-law not prohibited by the charter, certificates of stock on their face create a lien in favor of the corporation for the indebtedness of the holder, such stipulation amounts to a contract and is binding on the holder and his transferee though the by-law be in restraint of trade and violative of public policy.

*Appeal from the Lafayette Circuit Court.*—HON. W. W. WOOD, Special Judge.

AFFIRMED.

WILLIAM AULL for appellants.

(1) Such a by-law is void as being in restraint of trade and against public policy. Moore v. Bank, 52 Mo. 377, 379; O'Brien v. Cummings, 13 Mo. App. 200; Bullard v. Bank, 18 Wall. (U. S.) 594; Bank v. Lanier, 11 Wall. 369; Case v. Bank, 100 U. S. 446; Bank v. Bank, 2 Biss. (U. S. C. C.) 527; Driscoll v. Mfg. Co., 59 N. Y. 96; Rosenbach v. Bank, 53 N. Y. 495; Conklin v. Bank, 45 N. Y. 655; Green's Brice's Ultra Vires [2 Ed.], 15; Cook on Stock and Stockholders, sec. 522; Wilson v. R'y, 108 Mo. 610; In re Klaus, 67 Wis. 401; Chouteau Spring Co. v. Harris, 20 Mo. 388, 389; Bank v. Smally, 2 Cow. Rep. 712; Quiner v. Ins. Co., 10 Mass. 476; Sargent v. Ins. Co., 8 Pick. 90; Bates v. Ins. Co., 3 John. Cases, 238; Boatmen's Ins. and Trust Co. v. Able, 48 Mo. 140; Wilson v. R'y 108 Mo. 610; Heart v. Bank, Devereux Eq.

(N. C.), pp. 112, 113; McDowell v. Bank, 1 Harrington, 27; Nesmuth v. Bank, 23 Mass. 329; Bank v. Bank, 10 Pick. 454; Sargent v. Ins. Co., 25 Mass. 90; Bank v. Bank, 27 Mass. 454; Carroll v. Bank, 8 Mo. App. 250; Danna v. Brown, 1 J. J. Marshall (Ky.), 306; Byron v. Carter, 22 La Ann. 100; Morse on Banks and Banking, sec. 697. (2) It is claimed that though not good as a by-law ,yet that the alleged by-law is nevertheless good as the basis of a contract accepted by Kerdolff. That by reason thereof a lien is retained by contract if not by by-law. This contention is subject to the same objections as to restraint of trade and public policy as the alleged by-law. This contention is simply a change in name for the by-law. The facts disprove any such contract, but regardless of such proposition it could not be good against non-assenting members or other persons. Slee v. Bloom, 19 Johns. 456; Davis v. Proprietors, 8 Met. 321; Amesbury v. Ins. Co., 6 Gray, 596; Cooper v. Frederic, 9 Ala. (N. S.) 738; Field on Corporations, ch. 11; Angel and Ames on Corp., sec. 336; Byron v. Carter, 22 La. Ann. 98; In re Klaus, 67 Wis. 401.

J. D. Shewalter and S. N. Wilson for respondent.

We concede that where there is no express authority in the charter authorizing the passage of a by-law creating a secret trust in favor of the bank as against innocent purchasers without notice, such a provision is void. This is the extent of the rule and it is all that the authorities cited by appellant holds. But it is firmly settled in this state by all of the decisions that such a by-law creating a lien upon the stock, though unauthorized by an express provision of the charter, is valid and binding as to persons who partici-

pate in its passage or have actual knowledge of its existence. Ins. Co. v. Goodfellow, 9 Mo. (s. p. 150), 93; Bank v. Bank, 45 Mo. 513; Spurlock v. R. R., 61 Mo. 319; Bank v. Durfee, 118 Mo. 431; Brinkerhoff v. Lumber Co., 118 Mo. 447; Savings Ass'n v. Printing Co., 25 Mo. App. 642; Morse on Banks [2 Ed.], p. 505. (2) Without reference to the by-law the stock upon its face creates a lien upon the stock; it constitutes a contract between the parties, and as by another by-law and the statute this stock can only be transferred by a surrender of the certificate and upon the books of the company, this brought knowledge and notice of the terms and agreement to third persons and created a lien upon the stock no matter into whose hands it may have passed, and even if the other defendants in this case stood in the attitude of purchasers for value. R. S. 1889, sec. 2502; R. S. 1865, sec. 1, p. 326; R. S. 1889, sec. 2508, 4th and 5th sub. div.; 1 Cook on Stock & Stockholders [3 Ed.], secs. 520 to 528, ch. 31; Jennings v. Banks, 79 Cal. 323; Sav. Ass'n v. Printing Co., 25 Mo. App. 648; Bank v. Durfee, 118 Mo. 431; Trust & Sav. Co. v. Lumber Co., 118 Mo. 447; Hayward v. Ins. Co., 52 Mo. 181; Chouteau v. Allen, 70 Mo. 290; Bank v. Hober, 88 Mo. 37; Mechem on Agency, sec. 718, p. 547.

GILL, J.—This is a suit by plaintiff, a banking institution at Lexington, against W. F. Kerdolff and the other defendants, his children, for the enforcement of an alleged lien against twenty shares of the stock of the bank which was formerly owned by said Kerdolff, but lately transferred by him to said children.

STATEMENT.

The bank was organized in January, 1875, and the senior Kerdolff became then and continued a shareholder and director until January 7, 1896, when he

assigned and delivered his certificates of stock over to the other defendants—his two sons and four daughters. Among the provisions of section number 17 of the by-laws, adopted at the organization of the bank, it was declared that "no transfer shall be made or allowed by any stockholder, who, at the time, is indebted to the bank." And on the face of each certificate of stock (those of Mr. Kerdolff as well as all others) this stipulation appeared: "It is hereby expressly agreed and understood that this bank shall have a lien upon said shares for any debt or claim it may have at any time against the holder thereof." During the several years that the elder Kerdolff held the stock he became largely indebted to the plaintiff bank. This indebtedness, amounting to nearly $5,000, was evidenced by several promissory notes, which were reduced to judgment in September, 1896, a few days before the institution of the present action. By reason of the above stated by-law and stipulation set out in the stock certificates issued to, and held by, said W. F. Kerdolff, the plaintiff claims the right to subject the twenty shares of stock to the payment of its judgment. On the other hand the defendants (other than said W. F. Kerdolff) insist that they are innocent purchasers of the stock for value and that plaintiff has no lien thereon.

At the trial in the circuit court plaintiff had judgment as prayed and defendants appealed.

If effect is to be given to the agreement apparently entered into between W. F. Kerdolff and the bank at the date of the stock subscription, and as evidenced by the stipulation inserted in the face of the stock certificates, then plaintiff has the clear right to enforce a lien against said stock; for manifestly this was the contract. On the face of the stock certificates it was

CORPORATIONS: by-law: creating lien on stock: contract: transferee.

"hereby expressly agreed and understood 'that this bank shall have a lien upon said shares for any debt or claim it may have at any time against the holder thereof.'' Counsel have treated the foregoing stipulation, appearing in the body of the stock certificate, as a *by-law* of the corporation; and as such defendants insist that it is void as being in restraint of trade and violative of a sound public policy. Authorities are cited sustaining the general proposition that by-laws, unauthorized by the corporate charter, which seek to restrain the transfer of the stock of the corporation by attempting to create a secret lien in its favor for debts due it from the stockholder, are void because in restraint of trade and against public policy. And unquestionably this is the general rule, the weight of authority is that way. But the rule is quite different where the corporate charter expressly provides for such a lien, or where, though not provided for nor yet prohibited, such a by-law exists with the assent of the stockholders and knowledge of his transferee. If the stockholder shall take the stock with full notice and in recognition of the reserved lien, then there is no valid reason why he should not be bound thereby. And more than this, if the assignee of the first holder shall, when he purchases the stock, have like knowledge of the lien, then he will take the stock subject thereto; for as to him it was not a secret lien; he took the transfer with full knowledge of the equities between the parties. It is only the *bona fide* purchaser, without notice of such unauthorized by-law, that is protected from the lien. 1 Cook on Stock and Stockholders, secs. 522, 524; Savings Ass'n v. Printing Co., 25 Mo. App. 642; Bank v. Durfee, 118 Mo. 431; Trust, Etc., Co. v. Lumber Co., 118 Mo. 447; Jennings v. Bank, 79 Cal. 323; Ins. Co. v. Goodfellow, 9 Mo. loc. cit. 154; Bank v. Bank, 45 Mo. 513; Spurlock v. R. R., 61 Mo. 319.

This was clearly the holding of our supreme court in Bank v. Durfee, *supra*. In that case Wanschaffe, who was a shareholder and officer in the plaintiff bank, transferred as security his stock certificate to some of his creditors. Subsequently Wanschaffe became a defaulter to the bank, and it sought to enforce a lien against the stock held by the creditors—basing its claim on an alleged by-law providing that said bank should have a lien on all stock issued to a stockholder for any indebtedness of such shareholder to the bank. While in that case the court held the by-law invalid, as such, and decided that the creditors had a superior claim to the stock, the court yet clearly intimated that if the creditors, who had taken the stock by assignment from the original holder, had *notice* of such by-law, then their title would not be protected; that in that event they would not be *bona fide* holders. The court, through Judge BURGESS, uses this language: "As between the plaintiff and Wanschaffe, we think the by-law providing for a lien in favor of the bank on the stock for the unpaid indebtedness, *although passed without authority* (italics ours), was binding on him and purchasers of the stock from him with notice of such lien. At the time of the adoption of the by-law he was an officer of the bank, and continued to be such for many months thereafter, and was at the time of the transfer of the stock in controversy. As he was a party to the passage of the by-law, and always recognized it as being in force, he should not now be heard to say that it had never been legally adopted."

To the same effect is the court's opinion in Trust, Etc., Co. v. Lumber Co., *supra*, where it was held that notwithstanding the *by-law* may not be valid because not authorized by the corporation statute, yet if it becomes a part of the agreement or subscription to stock by the original holder, the restriction will bind

him and his transferee with notice. Says Judge GANTT in that case: "When such a lien is asserted, it should clearly appear to be authorized by public law, or by a duly appointed by-law, or *by valid agreement of which the purchasers of the stock have notice.* * * * The pledge or sale of this stock was simply a pledge or sale of personal property, and the pledgee or vendee, *without notice of the lien,* took it discharged therefrom. If that property was bound by a lien of which he had lawful notice, he took it subject to it, and if he had no such notice he took it discharged therefrom."

In Savings Ass'n v. Printing Co., *supra,* the St. Louis court of appeals had a case involving a by-law not properly adopted; and while the court condemned it as such, it was yet held effective as against a transferee of the stock with notice. "If the transferer," says the court, "has bound himself to a valid restriction upon the alienation, *whereof the transferee has due notice,* the latter can acquire no greater right in that regard than was vested in the transferer. The plaintiff in this case took the certificate with notice on its face of the restriction which bound its assignor, and thus became equally subject to its terms."

Another instructive case is found in a late decision by the supreme court of California, Jennings v. Bank, 79 Cal. 323.

The evidence here discloses that Kerdolff, the original holder of this stock, took part in the organization of the plaintiff bank and was for years one of its directors. He took the stock certificate with full knowledge that on its face a lien on the stock was created and reserved to secure the bank for anything he might owe it. This clearly bound him—not as a valid by-law, but as a contractual obligation. It bound also his children (the other defendants in this case) when they subsequently acquired such stock; for it is

clear that they became purchasers with full knowledge of the contract.

This disposes of every material point in the case. There is no merit in the suggestion of *res adjudicata*. This case has never been before the court for adjudication, and hence there is nothing in the record to serve as the basis for such a claim. The judgment is manifestly for the right party and will be affirmed. All concur.