HENRY F. KRETZER, Respondent, v. COLE BROTHERS LIGHTNING ROD COMPANY et al., Appellants.

St. Louis Court of Appeals, January 4, 1916.

1. **CORPORATIONS: Restrictions upon Transfer of Stock.** A by-law of a corporation attempting to impose restrictions upon the transfer of the stock of the corporation is invalid unless authorized by law; and, in view of the fact that no such authority is conferred upon business corporations, a by-law of such a corporation, providing that a sale of stock to a competitor of the corporation shall be invalid, that the transfer shall not be recognized by the corporation, and that the books of the

company shall not be open to inspection by the holder, is void; Sec. 2990, R. S. 1909 merely authorizing corporations to .prescribe the formalities to be observed in the transfer of stock, for their own convenience.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*R. M. Nichols* for appellants.

The power of suspension of sale is not absolute; it is limited only to competitors; it is not repugnant to the estate created; as to all others than competitors it is untrammeled. A partial restraint, as to persons to whom alienation may be made, is not void as against public policy. Coke on Littleton; In re Macleay, L. R. 20 Eqt. 186; Dugal v. Freyer, 3 Mo. 40; Clemorgan v. Lowe, 9 Mo. 455; Lampert v. Haydel, 96 Mo. 439; Jackson v. Schutz, 18 John. (N. Y.) 184; Cowell v. Col. Springs Co., 100 U. S. 55, 25 L. Ed. 547; Plumb v. Tubbs, 41 N. Y. 442; Langdon v. Ingram, 28 Ind. 360; Ferris v. Am. Brew. Co., 155 Ind. 539, 52 L. R. A. 305; Kean v. Kean, 18 S. W. 1032, 13 Ky. L. 956; Hatcher v. Andrew, 68 Ky. 561; Wallace v. Smith, 113 Ky. 263; Miller v. Denny, 99 Ky. 53; Collins Mfg. Co. v. Marcy, 25 Conn. 542; O'Brien v. Wethrell, 14 Kan. 616; Blackstone Bank v. Davis, 21 Pick. 42; McCullough v. Gilmore, 11 Pa. St. 379; Overton v. Lee, 108 Tenn. 505; Kamp v. Cleary, 76 Va. 140; Smith v. Barre, 56 Mich. 314; Estate of Hugh Porter, 13 Ont. L. Rep. 399; Earls of McAlpin, 6 Ont. App. 145.

*Richard A. Jones* for respondent.

Appellant is a corporation organized under what is now article 7, chapter 33, Rev. Stat. of Missouri of 1909, having reference to the incorporation of manu-

facturing and business companies. Its right and authority and that of its stockholders is to be tested by the law of its organization, which nowhere contains authority for the enactment of by-laws of the character sought to be sustained by appellant; to the contrary, the decisions of our courts of last resort, expressly negative any such assumption of corporate right. Chouteau Spring Co. v. Harris, 20 Mo. 382; Moore v. Bank of Commerce, 52 Mo. 377; Bullard v. Bank, 18 Wallace Reports, 85 U. S. 589; Bank v. Durfee, 118 Mo. 431; Brinkerhoff-Farris Trust & Savings Co. v. Home Lbr. Co., 118 Mo. 447; O'Brien v. Cummings, 13 Mo. App. 197; Crenshaw v. Mining Co., 110 Mo. App. 355; Senn v. Mercantile Company, 115 Mo. App. 685; In re Klaus, 67 Wisconsin, 401; Feckheimer v. National Exchange Bank, 79 Va. 80; Byron v. Carter, 22 La. Ann. 98.

NORTONI, J.—This is a suit in equity to compel defendant and its officers to transfer certain shares of stock to plaintiff on the books of the company, and issue certificates therefor. The finding and decree were for plaintiff, and defendants prosecute the appeal.

The principal defendant, a Missouri concern, is a corporation organized under the provisions of article 7, chapter 33, Revised Statutes 1909, relating to manufacturing and business companies. It is engaged in the lightning rod business, and it appears that plaintiff is also engaged in that business; moreover that he is a competitor of defendant. Plaintiff purchased nine shares of stock in defendant corporation from the legal owner thereof, and, though they were duly assigned to him, defendant refused to recognize such transfer of ownership, or to enter it on the books of the company, and issue new certificates of stock to him therefor. It appears plaintiff presented the several

certificates of stock so purchased by him from the former owner to defendant's president and secretary, offered to surrender the same and requested the transfer of the shares of stock to him to be entered on the books of the company and also that new certificates be issued to him in lieu of those surrendered. Plaintiff's demand was denied by defendant and it is sought to be justified under a by-law theretofore adopted by it.

Defendant's by-law referred to is No. 9, as follows:

### "By-law Nine.

"No stock of this corporation shall be sold or transferred to a corporation, firm or person interested in a competitive line of business. If any stockholder does sell or dispose of stock to competitors, such sale or transfer shall be absolutely void and shall not be recognized by the officers of this company, and the books of this corporation shall not be open to the inspection of persons holding such stock, if the officers of this company deem that the information thus obtained may be used to the detriment of the business of this corporation."

The sole question presented for consideration here relates to the validity of this by-law—that is, the power of defendant to enact and enforce it. It is argued that it is competent for defendant to prescribe a rule inhibiting the sale of stock to one situate as plaintiff, engaged in a similar business and as a competitor, for that he may use his position as a stockholder in defendant company to the detriment of its business. But we regard the latter phase of the question as beside the case in judgment here. If plaintiff as a stockholder should seek information touching defendant's business to use it to its detriment, it may be that relief would otherwise be available to defendant on that score. But be that as it may, the question presented here relates alone to the power of defendant

corporation to enact and enforce the by-law above copied, which restricts the free alienation of property.

It may be, where the charter of a corporation in terms authorizes such a by-law, it would be enforced. At any rate, the Supreme Court declared, in the early case of St. Louis Perpetual Ins. Co. v. Goodfellow, 9 Mo. 149, where the special charter of the insurance company there involved authorized it, a by-law by which a lien was retained on the stock of the shareholder was valid and enforceable. To the same effect is the more recent case of Mechanics' Bank v. Merchants' Bank, 45 Mo. 513, in which the court found authority for the by-law involved there in the special charter of the bank. But it is said in more recent cases, in which the authorities last cited are referred to and distinguished, that such restrictions attempted to be cast on the transfer of corporate stock through by-laws enacted by the corporation must find their source in a legislative enactment—that is to say, the corporation, itself without legislative authority to that effect, is not competent to create such impediment in respect of the alienation of property. [See Bank v. Durfee, 118 Mo. 431, 444, 24 S. W. 133; Carroll v. Bank, 8 Mo. App. 249.]

No provision in our statutes under which defendant is incorporated appears to authorize a by-law so stringent as that invoked here. Indeed, the only statutory authority suggested by defendant as even touching upon this matter is to be found in section 2990, Revised Statutes 1909, relating to the powers of private corporations. The statute pointed out provides the corporation has power: ''Sixth—To make by-laws, not inconsistent with existing law, for the management of its property, the regulation of its affairs and for the transfer of its stock.'' But these words have frequently been construed to intend no more than that the corporation may, through by-laws adopt-

ed, prescribe certain formalities to be observed in the transfer of the stock for its own convenience, so as to enable the company to locate its stockholders in the matter of giving notice, paying dividends, etc.

In Bank v. Durfee, supra, the by-law purported to create a lien on the stock of the shareholder for an indebtedness to the bank and the court denied the authority of the corporation in respect of that matter. In discussing the words of the statute above copied, the court said:

"When the law says that the stock shall be transferable in the manner prescribed by the by-laws of the corporation, it simply means the way in which it shall be transferred, by entry on the books or otherwise, but it is not to be inferred therefrom that the corporation had any authority to attach to such stock a lien in its favor, and especially is this so as against an innocent holder for value."

It is clear, therefore, that the words of the statute above set out avail nothing to defendant by way of conferring legislative authority on it to enact a by-law restricting the free alienation of the shares of stock to plaintiff, though he be engaged in a like business as that of defendant and its competitor. Indeed, a quite similar question was made and determined by the Supreme Court in Chouteau Spring Co. v. Harris, 20 Mo. 382, where the corporation refused to recognize a transfer of stock by one of its shareholders to an insolvent person for that it was impossible to collect an assessment made subsequent to the transfer from such insolvent. The court in that case considered the words of the statute which authorized the corporation "to regulate the transfer of stock" and said that such words did not confer power to restrain transfers or prescribe to whom they might be made, but rather intended no more than to merely prescribe the formalities which should be observed in making them.

Kretzer v. Lightning Rod Co.

So, too, in an early case in this court, it is said that a by-law of a banking corporation prohibiting any stockholder from holding more than one hundred shares of its stock did not invalidate a transfer of other stock made in good faith to one who theretofore held one hundred shares. The court said that a sale and delivery of stock passes title though not made in strict conformity with the corporation by-laws; moreover that a provision in the articles of incorporation or by-laws which is not responsive to any provision of the statute relating to the corporation may not be enforced, for that it is promulgated without power touching that subject-matter. [See O'Brien v. Cummings, 13 Mo. App. 197.] A question of similar import was made and considered, too, in the Supreme Court, as will appear by reference to Moore v. Bank of Commerce, 52 Mo. 377, where it was declared that corporate stock is property; that the right of alienation is an incident of property; and, speaking apart from statutory authority, a by-law of a bank prohibiting the alienation of stock therein or putting restrictions thereon is void as being in restraint of trade.

It appears, therefore, to be the established rule reflected throughout all of the cases that a by-law, such as that above set forth, is to be regarded as invalid and of no avail, unless enacted in pursuance of legislative authority, for that it purports to operate in restraint of the free alienation of property.

No statutory authority is to be found for the by-law in so far as it purports to inhibit the transfer of stock to plaintiff and the judgment should therefore be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen J.,* concur.