GAMACHE, Respondent, v. GRIMM *et al.*, Appellants.

1. Where a promissory note is given for the construction of a house, the fact that the house fell down in consequence of the use by plaintiff, the payee of the note, of bad material in its construction, and of the unskillfulnes of the workmanship, may be set up by the maker of the note as a partial failure of consideration.

### *Appeal from St. Louis Circuit Court.*

This was an action on a promissory note for $535. The consideration of the note was the erection of a house by plaintiff for defendant. The defendant set up in his anwer a failure

of the consideration of the note, in this, that the house constructed by plaintiff for defendant, had, from the use of inferior materials, and the unworkmanlike manner in which it had been constructed, fallen down and become utterly worthless. Defendant also set up as a partial defence, that thirty-five dollars of the amount of the note was usuriously incorporated into the note as the interest for six months upon five hundred dollars, the true amount due.

There was evidence tending to support the defence relied on by defendant. The court, on its own motion, gave, among other instructions, the following : " 6. If the house was constructed by the plaintiff in an unsubstantial and unworkmanlike manner, and of inferior or bad materials ; or if either the work or materials were not such as were contracted for ; and in consequence thereof the house fell down· and became valueless to the defendants, as stated in the answer, the jury will find for the defendants ; otherwise they will find for the plaintiff." To the giving of this instruction defendant excepted.

The following instruction, among others, was asked by defendant, and refused by the court : " 2. The court instructs the jury that if they believe from the evidence that the defendants employed the plaintiff to build them a brick dwelling house, beer saloon and dancing hall on their own land, in the town of Carondelet, for the sum of one thousand dollars, the half to be paid during the progress of the building, and the other half ($500) to be paid in six months after the completion of said building, and that in four months thereafter the house fell down in consequence of bad materials used, and the unskillful workmanship in the building of the same, and became partially worthless to the defendants, then the jury will deduct from the face of the note sued upon the amount of the damages the defendants sustained." The jury rendered a verdict in favor of plaintiff. Defendants appealed.

*Woods*, for appellants.

*A. P. & P. B. Garesché*, for respondent.

Scott, Judge, delivered the opinion of the court.

Under the answer set up by the defendants, it was competent for them to show in evidence a partial failure of consideration. The instruction (numbered 6), given by the court, seems to inculcate the idea, that, unless there was a total failure of consideration, there must necessarily be a verdict for the plaintiff for the amount of his demand; and that the defendants were not entitled to any deduction by reason of any loss or injury they may have sustained in consequence of the unskillful manner in which the work was executed, unless it turned out that the work to them was totally worthless. In this we are of opinion, that the court erred. The pleadings and the evidence warranted the second instruction asked by the defendants, and it should have been given.

As the real sum due was $500, and the interest on it for six months, by the contract, was thirty-five dollars, it follows that twenty dollars was the excess of usurious interest, which, being deducted from the sum really due (five hundred dollars), would leave the sum of four hundred and eighty dollars to which the plaintiff would be entitled, were there no other considerations in the case.

The other judges concurring, the judgment will be reversed, and the cause remanded.