# CASES DETERMINED

IN THE

# ST. LOUIS COURT OF APPEALS.

6  1
148m 47

### MARCH TERM, 1878.

---

ROBERT S. VOORHIS ET AL., Respondents, *v.* JOHN GAMBLE ET AL., Appellants.

#### April 30, 1878.

1. Where real estate is held by a trustee for the sole and separate use of a married woman, the power of disposition in the trustee being subject to the direction of the *cestui que trust*, and a proceeding is instituted to set aside the conveyance to the trustee for fraud, the *cestui que trust* is a necessary party defendant, and if he be dead at the date of the decree rendered in such proceeding the decree is inoperative as to his heirs and legal representatives.

2. The rule that a judgment void as to one defendant is void as to all applies only to judgments at law.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

MEAD & McCABE, for appellants: A judgment rendered against a party not living at the time is void. — *Bollinger* v. *Chouteau*, 20 Mo. 89. A void judgment may be assailed collaterally. — *Higgins* v. *Peltzer*, 49 Mo. 152 ; *Fithian* v. *Monks*, 43 Mo. 502. The *cestui que trust*, as well as the

trustee, should have been made a party. — Story's Eq. Pl., sect. 207 ; Hill on Tr. 847, 848.

R. S. VOORHIS, for respondents : " In a bill against executors who are only executors in trust, it is not necessary to make the *cestuis que trust* or residuary legatees parties."— *Anonymous*, 1 Vern. 261 ; Story's Eq. Pl., sects. 151, 215, 216. The respondents claim in hostility to the deed of trust, and a defence by the trustee in such a case is a defence by the *cestui que trust*. — *Wheeler* v. *Wheedon*, 9 How. Pr. 293 ; *Wakeman* v. *Grover*, 4 Paige, 23 ; *Scudder* v. *Voorhis*, 5 Sandf. 271 (288) ; *Russell* v. *Lasher*, 4 Barb. 232. The heirs, who became by operation of law the *cestuis que trust*, were fully represented in the person of Margaret McDermott's trustee, and were in privity with him. — *McLaughlin* v. *McLaughlin*, 16 Mo. 242 ; *Potter* v. *Stevens*, 40 Mo. 229.

LEWIS, P. J., delivered the opinion of the court.

This is a suit in ejectment. On September 19, 1860, Andrew McDermott and Margaret, his wife, executed a conveyance of the land in controversy to Patrick McQueeney, in trust for the sole and separate use of the said Margaret and her heirs and assigns forever, with power in the trustee to sell and convey, lease, or mortgage the premises or any part thereof, as Mrs. McDermott might in writing direct. Some other conveyances were afterwards executed by McDermott and by his grantees therein, concerning all which it is sufficient to say that their general design was, apparently, to strengthen the title of Mrs. McDermott's trustee under the first deed. On December 8, 1864, a judgment was rendered against Andrew McDermott for $135, in favor of Isaac H. Erisman and his wife, Ann Erisman, who is the *cestui que trust* of the plaintiff in this suit. At a sheriff's sale under the judgment, on February 23, 1865, the property in controversy was purchased by Thomas

H. Walsh, trustee of Ann Erisman and predecessor of the present plaintiff. Subsequently, in a suit instituted by Mrs. Erisman and her trustee against Patrick McQueeney and others, including Andrew McDermott and Margaret, his wife, a decree was rendered declaring that all the deeds of Andrew McDermott and wife and their several grantees were made in fraud and collusion, for the purpose of hindering, delaying, and defrauding the creditors of McDermott, and were "fraudulent and void as against the deed made and executed by the sheriff of the county of St. Louis, dated the 23d day of February, 1865, conveying to the plaintiffs the right, title, and interest of said Andrew McDermott, Margaret McDermott, Louis Eagle, and Andrew W Mead in and to" the property described. At the trial of the present cause the following facts were admitted, viz.: *First*, That the plaintiffs' title was derived from the decree above mentioned and the deeds therein described; *Second*, That Mrs. McDermott was an original party defendant in that suit, but was dead at the time of the rendition of the decree; *Third*, That the defendants herein (*sic*) are tenants under Mrs. McDermott or her grantees; *Fourth*, That the defendants Jane and Ellen McDermott are the heirs of Margaret McDermott, deceased. The question upon which the controversy turns is as to the validity or sufficiency of the decree to bind the defendants and authorize a judgment against them. The Circuit Court held it effectual to that end, and, sitting as a jury, found for the plaintiffs.

The plaintiffs contend that all the interest which Margaret McDermott had, or could transmit to the defendants, was represented by her trustee, Patrick McQueeney, against whom the decree was unimpeachable; that the *cestui que trust* was not a necessary party to the proceeding, and hence it was immaterial whether Mrs. McDermott was living or not at the time of the decree, and unnecessary for her heirs to have been introduced as parties. In support of these

propositions we are referred to several authorities. We do not find among them, however, any cases parallel with the present. They are chiefly illustrations of the rule that a *cestui que trust* who has only a collateral or resulting interest in the fund is not a necessary party to a proceeding which affects the title of the trustee. This is applicable to creditors and distributees of an estate in their relations with the executor, and to creditors attacking an assignment which makes an unfair distribution to other creditors. We are not shown a case in which the rule was applied to a trustee holding the fee of real estate, even with such active duties to perform as would prevent the operation of the Statute of Uses. In Hill on Trustees, p. 545, it is stated, with citation of numerous authorities, that " in suits by strangers, it will not be sufficient, as a general rule, to make the trustees the only defendants, but the *cestuis que trust* must also be brought before the court." The exceptions to the rule are stated to be in those cases where the trustees are empowered to sell, and to give discharges for the proceeds of sales. In such cases it is assumed that there was no intention, in the creation of the trust, to confide to the beneficiaries a discretion for its protection. Where, however, there can be no conveyance without a discretionary control in the beneficiary, it would seem clear upon principle that his presence should be required before a court will proceed to dispose of his rights. In *Dillon* v. *Bates*, 39 Mo. 292, the trust under consideration is not clearly described, but may be inferred to have invested the trustee with an uncontrolled power of disposition. Said Judge Holmes: " It may be conceded that this was a demand upon the trust property which existed prior to the creation of the trust, and that the absolute disposition of the trust property was vested in the trustee in such manner that the beneficiaries therein would be sufficiently represented by the trustee defendant, in respect of the trust created by the will." We may observe that both the conditions pre-

mised by the learned judge are negatived in the facts of the case before us. Here the plaintiffs' judgment was rendered after the creation of the trust, and the power of disposition in the trustee is subject to the direction of the *cestui que trust.* The negative or inferential force of the authority is therefore to the effect that in this case the beneficiary would not be " sufficiently represented by the trustee defendant." Our statute provides specially for the case of a trustee plaintiff. Wag. Stats. 1000, sect. 3. Referring to this provision, Judge Holmes further remarks : " This statute provides that a trustee of an express trust may sue in his own name, without joining the beneficiaries with him ; but it does not say that he may be sued in that manner. It may be seriously doubted whether it was the intent of this act that the same rule should be applied to a trustee defendant." This view of the statute lends additional force to our conclusion that in the case of a trust like the one before us a judgment against the trustee alone is not binding on the rights of the *cestui que trust.*

As Margaret McDermott was dead when the decree was rendered, it was a nullity as to her rights. Defendants here claim that a judgment which is void as to one defendant is void as to all. But that rule applies only to judgments at law. *Dickerson* v. *Chrisman*, 28 Mo. 134. It is sufficient for the purposes of this case that the decree upon whose strength alone the plaintiffs recovered in the Circuit Court was inoperative against the defendants, who stand in the shoes of Margaret McDermott, deceased.

Plaintiffs urge that inasmuch as the trust-deed was void for frauds to which Margaret McDermott was a party, her heirs and representatives must abide the consequences of her guilty participation. But this assumes the very matter that was to be determined in the former suit, and upon which Margaret McDermott, or her representatives after her, had a right to be heard up to the moment when the decree was delivered. If her heirs had been made parties,

the decree would have been binding upon them. But this was not done, and neither they nor any one for them has yet been heard at the proper time.

The judgment must be reversed and the cause remanded. All the judges concur.