MERCHANT'S NATIONAL BANK v. RICHARDS, *Appellant.*

<div style="float:right">
74  77
99  207
74  77
108  609
74  77
118  459
74  77
124  175
</div>

1.  **Interpleader.** Where, without objection, an order to interplead has been made, and the interplea heard upon its merits, the question as to whether the chancellor might have required an affidavit before making the order, is unimportant.

2.  **Corporation:** TRANSFER OF STOCK. In the absence of a legislative enactment restricting the transfer of stock to any particular mode, the transfer is complete on delivery of the certificate with power to transfer, and payment of the purchase money, not only between vendor and vendee, but when the corporation has unjustifiably refused to make the transfer on its books, against a creditor of the vendor, who, without notice of the transfer, attaches the stock.

3.  **Pleading.** The doctrine of a negative pregnant is not recognized in Missouri.

4.  ———: DEPARTURE. Where the petition alleges that plaintiff owns the stock, and the reply sets up a special ownership as pledgee, this is not a departure, the action being for damages against a corporation for refusing to transfer the stock on its books.*

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Pattison & Crane* and *J. S. Garland* for appellant.

*Finkelnburg & Rassieur* for respondent.

HENRY, J.—This cause is here on appeal from the judgment of the St. Louis court of appeals, affirming the judgment of the circuit court in favor of the plaintiff. The case is reported in 6 Mo. App. Rep. 454. In the opinion delivered by the court of appeals, the questions involved are thoroughly discussed, and being fully satisfied with the conclusions reached by that court, we deem it unnecessary to say more than that we affirm its judgment.   All concur.

_____

*These Syllabi are taken from 6 Mo. App. Rep. 454.