HERMANN HAEGELE, Appellant, v. WESTERN STOVE
MANUFACTURING COMPANY, Respondent.

St. Louis Court of Appeals, February 28, 1888.

1. PRACTICE—INSTRUCTION.—There is no error in the refusal of an
instruction which contains an abstract proposition of law, without
any guide to the jury for its application to the facts in evidence.

2. CORPORATION—INCOMPLETE TRANSFER OF STOCK.—Where the evi-
dence tends to show that the plaintiff was entitled to a distributive
share in an estate, that an order of the probate court directed the
administrator to transfer certain corporation stock to the plaintiff
in payment of such distributive share, and that the plaintiff after-
wards refused to receive the stock and accepted other estate in
lieu thereof, it is not error to instruct that, upon such a state of
facts, the plaintiff cannot recover in an action against the corpora-
tion to compel his recognition as a stockholder, and for the conver-
sion of his interest in the capital stock.

3. —— TRANSFER OF STOCK.—A transfer of stock may be effectual, as between the parties, without any registration in the office of the corporation, and will be binding on all parties, if noted by the officers according to their usual method, no transfer-books being kept by them.

4. PRACTICE, APPELLATE—INSTRUCTIONS NOT IN RECORD.—Where it appears from the record that instructions were given which are not set out, an appellate court cannot reverse for the giving of an instruction which does not involve some substantial error prejudicial to the appellant.

APPEAL from the St. Louis Circuit Court, HON. LEROY B. VALLIANT, Judge.

*Affirmed.*

· LEO RASSIEUR and D. TIFFANY, for the appellant : This action will lie for a wrongful conversion of stock. *State ex rel. v. Rombauer*, 46 Mo. 155. A transfer of stock on the books of a corporation is a complete assignment in itself, and includes and takes the place of manual delivery of the certificate. *White, Ex'r, v. Salisbury*, 33 Mo. 150; *Chouteau Spring Co. v. Harris*; 20 Mo. 382; *Ins. & Trust Co. v. Able*, 48 Mo. 137.

MUENCH & CLINE, for the respondent : On plaintiff's own theory no delivery of the stock took place. The delivery is what passes the title, even though a corporation refuses to transfer the stock on the books. *York v. Mill Co.*, 30 Fed. Rep. 472; *Carroll v. Bank*, 8 Mo. App. 252; *Bank v. Richard*, 74 Mo. 77. The plaintiff, even if he had a case, is guilty of such laches that he could not maintain this action. *York v. Mill Co.*, 30 Fed. Rep. 471. If plaintiff has an undivided interest in the shares in question, he should join the other alleged owners of the remainder of the shares as co-plaintiffs.

THOMPSON, J., delivered the opinion of the court.

This was an action for damages against a corporation for refusing to issue to the plaintiff a certificate for

a two-thirds part of one share of the capital stock of the company, alleged to have been acquired by the plaintiff by purchase from the administrator of a deceased shareholder, and for refusing to recognize the plaintiff as a stockholder in the company and to pay him dividends, and for converting the said stock to the defendant's own use. There was an answer and a reply, and a trial by jury, which resulted in a verdict and judgment for the defendant, from which the plaintiff appeals.

I.   It may be doubted at the outset whether this petition states any cause of action.   We know of no principle of law, common or statute, which compels a corporation to transfer upon its books a fractional interest in a single one of its shares, or which compels it to recognize any person as the owner of a fractional interest in one of its shares, or to pay a dividend to such a person, or to recognize him as a stockholder in any way.   But we need not dwell upon this feature of the case, nor decide anything in respect of it, for the action was not defended upon this ground in the trial court, nor was it defended on this ground here.

II.   The petition and answer both state that John Werberich died owning two shares of the capital stock of the defendant corporation of the par value of one thousand dollars, each, and that George Reiners was duly appointed his administrator.   Then the petition charges that Reiners, as such administrator, by order of the probate court, sold the two shares to the plaintiff, and John and Anthony Werberich, for the sum of three thousand dollars ; that he duly assigned and transferred said two shares on the books of the defendant to such purchasers, whereby each of them acquired a two-thirds part of one share of the stock of the company ; that, thereupon, the company issued to John and Anthony Werberich a certificate for one share of the stock so transferred to them and the plaintiff ; that the plaintiff thereafter demanded of the defendant and its officers that they issue to him a certificate for a two-thirds part of one share of stock so acquired by the plaintiff

and his co-purchasers; and that the defendant wrongfully refused to do this, etc., following with the allegations as stated.

The answer, on the other hand, after admitting that it is a corporation, making a general denial, and making the admissions already stated, alleged that, among the distributees of the estate of John Werberich, deceased, were John Werberich and Anthony Werberich, his sons, and the plaintiff, who is the husband of one of his daughters; that, at its March term, 1876, the probate court made an order authorizing the administrator to sell the two shares at private sale for cash, for the purpose of making distribution of the estate; that, thereafter, on June 12, 1876, John and Anthony Werberich and the plaintiff jointly bought and undertook to assume the two shares at a valuation of fifteen hundred dollars each, for and on account of the sum of one thousand dollars each, due and coming to them respectively as distributive shares in the estate of the deceased; that the administrator reported this sale to the court and it was approved; that he thereafter tendered to John and Anthony Werberich and plaintiff the two shares of stock in fulfillment of the contract of sale, and in distribution to them of their respective shares in the decedent's estate; but that they refused to accept more than one share of the same, and turned over to the said Reiners whatever of right, title, or interest existed in the other share, in consideration of Reiners paying to them, then and there, the sum of fifteen hundred dollars, in cash, in lieu thereof; whereby Reiners became the sole owner of the one share last named; that, as to the other share, so ordered to be sold by Reiners, the same has long since, by mesne conveyances, become, and now is, the property of Anthony Werberich alone; and that the plaintiff, at the time of instituting this suit, had not, nor has he now, any right, title, or interest in the same whatsoever.

The reply, after admitting the death of John Werberich, his ownership of two shares of the capital stock

of the defendant, the appointment and qualification of Reiners as his administrator, the taking charge of these two shares by Reiners as such administrator, and that the persons above named were distributees of the estate as above named—renews the allegations of the petition that the said administrator, acting under order of the probate court, sold, and that plaintiff bought, from said administrator, one-third of said two shares of stock, and that the same was by said administrator transferred to this plaintiff on the books of the company, and that the plaintiff became the owner of two-thirds of one share of said stock thereby, and denied the rest of the new matter of the answer not specifically admitted.

The plaintiff's evidence tended to show that the two shares of stock were sold to the plaintiff and John and Anthony Werberich, jointly, as stated in the petition and reply; that, thereupon, Reiners took the three purchasers to the office of the defendant corporation, and there, in the presence of one of its officers, executed a transfer on the back of the two certificates representing the two shares, to the three purchasers; that the certificates were left with the defendant and were pasted in its certificate-book; that the defendant had no regular transfer-book, but recognized transfers of its shares by having them returned with the endorsement of the transfer thereon and pasted in its certificate-book in this way; that, on the respective stubs of return certificates, the officers of the defendant would make memoranda of such new certificates as were issued in lieu of those returned; that on the stub of one of these two certificates there was a memorandum, not signed, showing that the same had been issued to John and Anthony Werberich, and that there was no assignment there by the plaintiff of any interest to John and Anthony Werberich; that no new certificate or certificates had been issued for the remaining share; and that, although dividends had been regularly declared and paid, the plaintiff had never been notified of any, and had never

been recognized by the defendant as a shareholder in any way.

On the other hand, the evidence presented by the defendant tended to support the allegations of its answer and to show that, although the plaintiff had agreed to become the purchaser of a one-third interest in these two shares under the order of the probate court, accepting it in lieu of his wife's distributive share in the estate of her deceased father, and although this transfer had been made as above stated on the books of the company, yet that no certificate had ever been delivered to the plaintiff; that the sale, so far as he was concerned, had been in fact rescinded; that a subsequent settlement had been made in which the plaintiff had received his wife's distributive share in the decedent's estate in another form, for which receipts had been given; and that, for nine years, to-wit, from the date of this transfer on the books of the corporation until the year 1885, he had made no demand upon the corporation such as is the foundation of this action, but that he first made such demand when, on a conference with the attorneys of Reiners, he accidentally discovered that this stock stood as transferred to him on the corporate books.

The defence, it will be perceived, is in the nature of a confession and avoidance,—admitting the sale of the one-third interest in the two shares to the plaintiff by Reiners, but setting up a subsequent rescission. The jury have found, under the instructions, that this defence was made out. The details of the evidence in support of it need not be gone into, because it is not claimed by the appellant that there was not substantial evidence to support the allegations of the answer. The ground on which we are asked to reverse the judgment relate to the rulings upon instructions.

The first objection under this head is, that the court erred in refusing the following instruction requested by the plaintiff:

"The court declares the law to be that the transfer of the two shares in controversy on the books of the

defendant, as read in evidence, conveyed the full title to the said stock to plaintiff and John and Anthony Werberich, and that the delivery of the certificate of said stock by George Reiners to plaintiff or said John or Anton Werberich was not necessary in law to complete or perfect said transfer.''

We are not prepared to say that this instruction was not correct as an abstract proposition of law. No doubt the ordinary way in which title to corporate shares passes from one holder to another is by a delivery of the certificate, and this against the corporation as well as against the transferor. *Merchants' National Bank v. Richards*, 6 Mo. App. 454; s. c., affirmed, 74 Mo. 77. The object of requiring the transfer to be registered at the office of the company is for the benefit of the company, and not for the purpose of passing title as between the transferor and the transferee. A transfer not registered on the company's books is binding and passes all the rights of the parties making it, and a refusal to register the transfer, at the request of the transferee, is an unlawful act on the part of the corporation. *Insurance Company v. Goodfellow*, 9 Mo. 150; *Chouteau Spring Co. v. Harris*, 20 Mo. 382. A transfer on the books of the company is merely cumulative, and whether such transfer be entered there or not, the title to the stock, as between the parties to the transfer; passes by a sale accompanied by a delivery of the certificate. *Moore v. Bank*, 52 Mo. 379; *Merchants' National Bank v. Richards*, 6 Mo. App. 454, 463; s. c., affirmed, 74 Mo. 77. See also *Carroll v. Bank*, 8 Mo. App. 249, 252. But it might well be that, where the corporation has no regular transfer-book, a delivery of the certificate by the transferor with the transfer properly endorsed, to the proper officer of the corporation in the presence of the transferee, and the act of such officer in pasting it in the transfer-book should be regarded in law as a complete delivery of the shares, and a recognition by the corporation of the title of the transferee, in the absence of evidence tending to show that the parties intended

something different, which we do not understand to be the case here.

But this instruction may be correct, even in its application to the evidence in this case, and yet we cannot say that error was committed in refusing it, for several reasons: (1) It is incomplete, in that it states a proposition applicable to the evidence, and leaves the jury without any guide as to how it is to be applied. (2) But suppose it had added that if the jury find these facts to be true they must find for the plaintiff? Then it would be open to the objection of singling out a particular feature of the case and ignoring another essential feature, and upon the feature so singled out predicating a right of recovery. In other words, it entirely ignores the defence set up in the answer and supported by the evidence, that this sale was subsequently rescinded by the voluntary act of the parties. (3) And it also appears that the court gave instructions of its own motion which are not set out in the bill of exceptions. We cannot know but that the hypothesis which was intended to be covered by this instruction was fully and properly presented to the jury in the instructions which are thus omitted from the record. For these reasons we cannot hold that error was committed in refusing it.

It appears that the court gave the two following instructions at the request of the defendant, the plaintiff excepting:

"The court instructs the jury, that if they believe from the evidence that plaintiff, Haegele, refused to accept from the administrator an interest in the two shares of stock in the defendant company, after the order of the probate court had been made, authorizing the administrator to transfer the same to him, then your verdict should be for the defendant."

"If the jury shall believe from the evidence that after the order of sale thereof by the probate court, Herman Haegele refused to accept an interest in the two shares of stock of defendant which belonged to the estate of John Werberich, deceased, and that said Hae-

gele and his wife received other satisfaction for the share of said Haegele's wife in the estate of John Werberich, then their verdict should be for the defendant."

These two instructions seem to have presented to the jury the real issue in the case. If, after what was done, the plaintiff refused to accept the interest which had been transferred to him, we do not understand that he would now be entitled to change his position, especially after an apparent acquiescence for nine years, and claim, as against the company, to be the owner of this interest in its capital stock. The instruction was not so drawn as to state fully the hypothesis of fact embraced in the answer; but, in the light of the evidence, it does not clearly appear that the plaintiff could have been injured by it.

The other instruction, it is perceived, is drawn upon the hypothesis that the plaintiff not only refused, after the order of sale of the probate court, to accept the interest in the shares, but that he and his wife received other satisfaction for her interest in her father's estate, which was the consideration for which this interest was to have been transferred to the plaintiff. If this hypothesis is true, it would show a complete rescission and substitution by the voluntary act of the parties. The question was not, of course, whether the plaintiff and his wife had received her distributive share in the decedent's estate; but whether they had received it in the form of this interest in the stock of the defendant corporation, or in some other way. Evidence that he had received it in some other way would tend to show that the consideration for which the interest was to have been transferred to the plaintiff had failed, or that the bargain had been rescinded.

In a case where a record discloses that other instructions were given which are not stated, we cannot reverse for the giving of instructions which do not involve some substantial error prejudicial to the appellant. The plaintiff's case seems to proceed upon the view that the sort of transfer and recognition which was made in the

office of the defendant, by the endorsement of the certificates and the pasting of them in the certificate-book of the defendant, was a circumstance controlling the rights of the parties. We think, however, that this was only evidence tending to show the title of the plaintiff ; that if, by reason of subsequent things, his beneficiary title failed, he should not be allowed to maintain an action against the defendant for the conversion of his interest in the defendant's capital stock. That was probably the idea which the draughtsman of these two instructions intended to get at, and that seems to have been the view on which the jury found for the defendant.

With the concurrence of Judge Rombauer, the judgment is affirmed. Judge Lewis is absent.