BERNARD DULLE

v.

MARGARET LALLY.

*Filed at Ottawa May 11, 1897—Rehearing denied October 12, 1897.*

1. APPEALS AND ERRORS—*errors not appearing of record cannot be taken advantage of on appeal.* Alleged errors of the trial court in entering judgment by default, and in overruling a motion to set aside the same, cannot be taken advantage of on appeal, where neither the motion, nor any showing made, nor the ruling of the court with respect thereto, appears from the face of the record or in the bill of exceptions.

2. TRIAL—*when court may refuse leave to file plea of Statute of Limitations.* Where, five years after the filing of a plea of general issue by leave of court, after default, the trial of such issue is entered upon before a jury and testimony has been taken, the trial court may refuse to allow the defendant to file a plea of the Statute of Limitations, in the absence of any showing why the application for leave was not sooner made.

3. WAIVER—*acquiescence waives error of court in entering judgment.* Acquiescence by a defendant in an order of court refusing to set aside a judgment by default but allowing the defendant to come in and make his defense, waives his right to assign as error the action of the court in allowing the original judgment to stand as of the date entered, after deducting the difference between that judgment and the judgment subsequently recovered.

*Dulle* v. *Lally*, 64 Ill. App. 292, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

The appellee, Margaret Lally, and her husband, John Lally, sued the appellant, Bernard Dulle, individually and as administrator of the estate of his deceased wife, Sarah Ann Dulle, in assumpsit, for work and labor of Margaret for a period of twenty years, performed for the Dulles in their family, mostly before Mrs. Dulle's death. The declaration consisted of the common counts only. Dulle filed a general demurrer to the declaration, which was

afterward, at the May term, 1889, overruled, and he was ordered to plead forthwith. The order also recites that "the defendant failing to comply with said rule, on motion of plaintiffs' attorney it is ordered that the default of the defendant be taken, and the same is hereby entered of record for want of a plea; thereupon, on motion of the plaintiffs' attorney, it is ordered that leave be and is hereby given the plaintiffs to amend the declaration filed herein, by discontinuing as to John Lally, as co-plaintiff herein, and as to Bernard Dulle, administrator of the estate of Sarah Ann Dulle, deceased, as defendant herein, wherefore the plaintiff ought to have and recover of and from the defendant her damages sustained herein by reason of the premises; and thereupon reference is had to a jury to assess the plaintiff's damages herein." The same order shows that a jury was called, who assessed plaintiff's damages at $2213.33, for which amount judgment was entered, and for costs. At the same time an amended declaration was filed showing the amendment made in conformity to the leave previously given. Afterwards, at the same term of court, the defendant entered his motion to set aside the verdict and judgment, but not including in his motion the default which had been taken. This motion was continued, and afterwards, at the December term, 1890, the following order was entered by the court: "On motion of defendant's attorney it is ordered that leave be and is hereby given the defendant to plead herein within ten days from this date, the judgment to stand, and the plaintiff required to file a bill of particulars within five days from this date." Afterwards, at the same December term, the defendant, Bernard Dulle, filed his plea of non-assumpsit. This issue did not come on for trial until the September term, 1895, when, upon a trial before the court and a jury, plaintiff's damages were assessed at $1950, and after overruling defendant's motion for a new trial, and after a *remittitur* by the plaintiff of $263.33 from the amount of the original judgment rendered

in 1889, it was ordered by the court that the balance of said judgment which was rendered in 1889,—that is, to the amount of $1950,—stand in as full force and effect as at the time of the rendition of said judgment, and that plaintiff have execution therefor, with costs.

During the trial before the jury the defendant asked leave to plead the Statute of Limitations, but such leave was refused by the court, and its ruling therein is here also assigned for error.

An appeal was taken to the Appellate Court by the defendant, and from the judgment of affirmance rendered in that court this further appeal is prosecuted.

JOHN P. McDOWELL, and RUFUS COPE, for appellant.

EDWARD J. WALSH, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Much of the argument of counsel for appellant is addressed to the alleged errors of the trial court in entering the original judgment by default, and in refusing to set aside the verdict and judgment on the motion of appellant. Neither this motion, nor any showing made, nor any ruling of the court in respect thereto, appears in the bill of exceptions. Nor does it appear from the face of the record, as written up by the clerk, that the court ever made any ruling on the motion, but after the lapse of many terms of court, upon motion of appellant, he was given leave to plead, "the judgment to stand," and in pursuance of this order he did plead the general issue, went to trial, and the issue was found against him. In this state of the record the previous errors of the court, if any there were, were waived, and appellant can take no advantage by now assigning them here. We shall not therefore further consider this branch of the case.

The original declaration was defective in including improper parties, which defect was apparent on its face, but this defect was cured by amendment.

Five years after appellant had been allowed, on his motion, to plead, and had pleaded, the general issue, and after the trial of this issue had been entered upon before the jury and testimony heard, the appellant, by other counsel then representing him, asked leave to file an additional plea of the Statute of Limitations. No showing was made why the application for leave to file the additional plea was not sooner made. There was no error in denying the motion. *Fisher* v. *Greene,* 95 Ill. 94; *Dow* v. *Blake,* 148 id. 76.

The record shows no material error in the rulings of the court in the admission or exclusion of evidence, and plaintiff's assignments of error in that regard cannot be sustained.

It is contended further, that after the jury had rendered their verdict for $1950 and plaintiff had remitted from the original judgment $263.33, thus reducing it to the amount as found by the jury, the court erred in not entering judgment upon the verdict for $1950 as of the date of entering the order, and erred in entering instead its final order that the balance of the original judgment rendered upon default more than six years before, that is, to the amount of $1950, (that being the amount of the second verdict,) "stand in as full force and effect as at the time of the rendition thereof, and that the plaintiff have execution against the defendant for said judgment," with costs, etc. The effect of this order was to leave in full force the original judgment to the amount of $1950, with interest thereon from the date of its rendition, which interest, in the lapse of time, had accrued to the amount of upwards of $700. Whatever might be said of the practice, the proceedings subsequently to the first judgment were a matter of grace to the defendant, upon his own motion, and cannot be regarded as having the effect of setting aside the original judgment. The effect of what was done at the request of the defendant was to give him an opportunity to establish a defense *pro tanto*

or entire, and to have the judgment abated to the extent the court and jury might find it was too large; and we do not think, in view of his waiver of the alleged errors in the entering of the original judgment and the acquiescence in the order of the court, which the record shows was made on his motion, in permitting that judgment to stand, he can be now heard to complain that the court directed, in its final order, the original judgment to stand and be enforced, less the amount remitted therefrom, thus making it conform to the finding of the jury, instead of entering a judgment on the verdict as of the date of its rendition.    The case in this respect is not entirely, but is in some respects, analogous to *Hall* v. *First Nat. Bank*, 133 Ill. 234.    There was no item for interest embraced in the verdict so as to make appellant pay double interest.

Finding no error of which appellant can complain, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*