BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## CCTOBER TERM, 1914.

L. G. LEBRECHT, Appellant, v. C. P. NELLIST, Respondent.

Kansas City Court of Appeals, November 2, 1914.

1. PLEADING: Total or Partial Failure of Consideration. On a plea of total failure of consideration set up by answer to a petition on a note, a defense of partial failure may be made— authorities discussed.

2. CORPORATE STOCK: Transfer: Certificate: Delivery. The ordinary mode of the transfer of stock in a corporation is by a transfer and delivery of the certificate of stock. The case of White v. Salisbury, 33 Mo. 150, has not been followed by the Supreme Court.

3. BILLS AND NOTES: Consideration. Whether the notation in a note of the consideration for which it was given will affect its negotiability under Sec. 9974, R. S. 1909, need not be considered, since that was not a theory on which the case was tried.

4. TENDER: Profert in Court: Stock. Where a note is given for purchase price of stock in a corporation and the maker informs the seller that he will not be able to pay the

184 Mo. App.]          (335)

note, while this may be an excuse for not tendering the stock before suit is brought, it will not excuse its being tendered into court. The seller has no right to the price while withholding the stock.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas*, Judge.

AFFIRMED.

*Hal R. Lebrecht* and *L. A. Laughlin* for appellant.

*Griffin & Orr* for respondent.

ELLISON, P. J.—Plaintiff's action is based on a promissory note for $1000. The judgment in the trial court was for the defendant.

The note was given for purchase price of one thousand shares of stock which defendant claims were never delivered and that therefore there was no consideration. The present note is a renewal of another of the same tenor unless the difference is found in the notation found on it in these words, "For 1000 shares of the capital stock Las Vegas Irrigated Fruit Land Company par value $1 per share—stock not yet delivered." It is claimed by plaintiff that the notation on the original note was like this one, except that the closing words were "Stock held as collateral for the payment of this note."

If the notation on the original note was as claimed by plaintiff then it is conceded the stock was delivered. The dispute was appropriately submitted to the jury and we must accept the verdict on that head as conclusive against the plaintiff.

We pass therefore to the legal questions raised. The answer set up the defense that the note was given for stock in the Las Vegas Irrigated Fruit Land Company and that such stock had never been delivered

to defendant and that the note was "wholly without consideration," and that plaintiff (and the bank for which he sued) knew it when they received the note. On the ground that the answer set up a total failure of consideration, plaintiff insists that a partial failure cannot be shown and that if it appears that there is any consideration, however slight, a judgment for plaintiff for the whole amount of the note must be rendered. But in National Tube Co. v. Ice Machine Co., 201 Mo. 30, 59, and Gamache v. Gum, 23 Mo. 38, the question was directly decided against plaintiff's view; the holding in those cases being that under a plea of total failure of consideration evidence of a partial failure may be heard.

Plaintiff makes several objections to the action of the court at the trial and advances several theories some of which are difficult to understand. We will, therefore, state our views trusting in this way to dispose of the points made. The case is simple and required only the application of the plainest rules in order to a proper disposition. The defense to the note was that it was given for stock in a corporation which had never been delivered and it was therefore without consideration. The different ideas presented by plaintiff as to what the answer should and should not have alleged are not applicable to the facts of the case.

But plaintiff further insists that if the stock was placed in defendant's name on the books of the corporation that was sufficient without delivering it to him and his instruction to that effect was refused. He cites White v. Salisbury, 33 Mo. 150, which supports him. But that case was shown to be not in accord with the established rule, in Trust & Sav. Co. v. Home Lumber Co., 118 Mo. 447, 458; and it was said to be dictum by the Supreme Court (74 Mo. 77) in approving of the opinion of the St. Louis Court of Appeals

in Merchants Bank v. Richards, 6 Mo. App. l. c. 463. By these and other cases it is shown that a transfer and delivery of the certificate of stock is the ordinary mode of conveyance of such choses.

We therefore conclude that defendant was entitled to a delivery of stock certificates.

Plaintiff finally insists that the notation in the note that it was given for stock not. yet delivered, was of no effect and should not have aided defendant in his defense. He bases this claim on the section 9974, Revised Statutes 1909, reading as follows: "An unqualified order or promise to pay is unconditional within the meaning of this chapter though coupled with: (1) An indication of a particular fund out of which reimbursements are to be made, or a particular account to be debited with the amount; or (2) a statement of the transaction which gives rise to the instrument. But an order or a promise to pay out of a particular fund is not unconditional."

We need not consider such question from the fact that the theory of each party at the trial was that such notation was vital if it read as pleaded by defendant, but if it read as contended by plaintiff, that the stock was held as collateral for the note, then the defense of no delivery was not made out. Each party asked instructions on these theories, and it is too late to change on appeal. [Riggs v. Met. St. Ry. Co., 216 Mo. 304; Fulwidder v. Power Co., 216 Mo. 582.] It is true that plaintiff asked a peremptory instruction, but the request for that instruction as shown by the brief, was not on the ground of the noneffect of the notation, but on the theory of pleading a failure of consideration which we have already discussed.

We are not impressed with what plaintiff has said about the answer in connection with a tender and the law applicable to cases of that nature. On the whole record it is manifest the judgment must be affirmed. All concur.

## ON REHEARING.

ELLISON, P. J.—On a rehearing of this cause plaintiff insists that he should not be prevented from recovering the amount of the note on account of not having tendered the stock for which the note was given. He says that defendant wrote certain letters stating that his financial situation was such that he could not pay the note, and that therefore a tender was useless and unnecessary. It is well understood that in certain instances, where it clearly appears that tender would be useless, it need not be made. But here plaintiff seems to have considered that defendant can pay and that he can be forced to pay, as the result of this action. The consideration for the note was certain stock which has not been delivered. It cannot justly be supposed that defendant should be compelled to pay, or that a judgment should be rendered against him, absolute in terms, and yet he not get the property for the purchase price of which the note was given. Therefore, considering defendant wrote that he could not pay the note, it does not justify a suit or a judgment against him without at least tendering the stock into court for him, to be turned over to him when he pays the money, either voluntarily or through execution. There should have been *"profert in curia,* and the securities brought into court." [Hunt on Tender, sec. 515.] Plaintiff has no right to collect the note and yet hold to himself the consideration for which it was given. He should show that he was and is ready to deliver the stock when the money is paid. [Hunt on Tender, sec. 469.] Instead of that, when the answer set up the stock as the consideration for the note and that it had not been delivered or tendered, he filed a reply of denial, without any excuse for nontender and without making *profert* in court.

We are satisfied the trial court rendered the only judgment which could have been properly rendered and it is accordingly affirmed. All concur.